# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KHIRY BROUGHTON, a/k/a | ) | No. 2:16-cr-00122-DCN |
| "KBLACKA," DASHAWN TREVELL | ) | |
| BROWN, a/k/a "SHAWNY," CLYDE | ) | **ORDER** |
| NAQUAN HAMPTON, a/k/a "ONE | ) | |
| LOYAL SHOOTER," ZAQUANN | ) | |
| ERNEST HAMPTON, a/k/a "TOB," | ) | |
| MATTHEW RASUAUN JONES, a/k/a | ) | |
| "BOOGIE MAC," CHRISTOPHER | ) | |
| SEAN BROWN, a/k/a "ROUGHISH," | ) | |
| BRYANT JAMEEK DAVIS, a/k/a | ) | |
| "SAVO,' WILLIAM LAMONT COX, | ) | |
| a/k/a "WATAZ," and QUINTIN JOHN | ) | |
| FISHBURNE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the sentencing of Matthew Rashaun Jones ("Jones"). In this sentencing, there is a dispute over whether the offense conduct satisfies the cross-reference for attempted first-degree murder under U.S.S.G. § 2A2.1(a)(2). The court finds that it does.

## I. BACKGROUND

Jones was indicted with a host of federal offenses relating to their alleged involvement with a Walterboro, South Carolina based criminal organization known as the "Cowboys." The Cowboyz are described as a neighborhood gang which encourages members to engage in criminal activity to increase their status within the gang, and demands lifetime allegiance, disciplining disloyal members with threats, violence, and even death. The indictment also mentions a separate, but allied, gang known as the

"Wildboyz" who allegedly share common interests with the Cowboyz and act in conjunction with the Cowboyz to commit crimes to increase the status of members of both gangs. The Cowboyz and Wildboyz are each alleged to have engaged in violence, threats of violence, drive-by shootings, home invasion robberies for the purposes of obtaining narcotics and cash, and narcotics distribution.

Jones pleaded guilty to conspiracy to conduct racketeering. A presentence investigation report ("PSR") was prepared in this case. Both Jones and the government submitted objections to the PSR. The parties also submitted sentencing memoranda. Because this sentencing presents complex issues of law and fact, the court issues this written order to detail the particularized findings that contributed to the court's calculations. It does not modify the sentence or its foundation.

## II.   DISCUSSION

Jones has entered a guilty plea to a violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), which makes it "unlawful for any person employed by or associated with any enterprise . . . to conduct or participate . . . in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). Jones admitted to participating in a drive-by shooting on May 30, 2013 at 62 Jared Road, Walterboro, South Carolina, a residence in the Dooley Hill area where suspected members of the rival Dooley Hill gang lived. Cowboyz members and codefendant Clyde Naquan Hampton ("Hampton") drove the car as Jones and Cowboyz member and codefendant Christopher Sean Brown fired multiple shots at the residence. Jones also admitted to participating in a drive-by shooting on May 12, 2011, when Jones was driving in a vehicle with Cowboyz member Dashawn Terrell Brown. The vehicle pulled

2

up next to a vehicle driven by an associate of a rival gang of the Cowboys. From inside the vehicle, Jones fired multiple shots at the associate of the rival gang who was in the adjacent vehicle. There is a dispute over whether the offense conduct satisfies the cross-reference for attempted first-degree murder under U.S.S.G. § 2A2.1(a)(2). The court finds that it does.

Under 18 U.S.C.A. § 1111(a), to convict a defendant of first-degree premeditated murder the government must prove that defendant "in some sort associate[d] himself with the venture, that he participate[d] in it as in something that he wishe[d] to bring about, that he [sought] by his action to make it succeed." United States v. Horton, 921 F.2d 540, 543 (1990) (internal quotation marks omitted). Jones's actions in participating in a drive-by shooting of the vehicle driven by a rival gang member on May 12, 2011 and of the residence at 62 Jared Road where members of rival gang members lived on May 30, 2013 indicate that Jones planned with his fellow Cowboys gang members to kill someone, namely the respective rival gang members. Under 18 U.S.C.A. § 1111(a) first-degree murder is defined as the unlawful killing of a human being with "malice aforethought," which included every murder that is a "willful, deliberate, malicious, and premeditated killing."

In United States v. Diaz, 176 F.3d 52 (2d Cir. 1999), the court held that a cross-reference to first-degree murder was appropriate where other members of defendant's gang planned to shoot at one person but other, innocent bystanders were killed while gang members were shooting up a street. Here, Jones planned to kill the rival gang members at 62 Jared Road and in the vehicle. Indeed, even if Jones had not actually shot out of the car, the cross-reference for attempted first-degree murder would likely still

apply.  In Puckett v. Costello, 111 F. App'x 379 (6th Cir. 2004), the court held that a defendant who was not the actual shooter in a drive-by shooting demonstrated requisite "premeditated and deliberate intent to kill" sufficient to affirm a conviction of first-degree murder under Michigan law.  While Puckett was not interpreting first-degree murder under 18 U.S.C. § 1111(a) but rather under Michigan law, Michigan law defines first-degree murder in a similar manner, as when a defendant has a "premeditated and deliberate intent to kill."  In Puckett, the defendant was a member of the Insane Gangster Mafia.  At some point on the evening of November 9, 1995, the defendant began discussing a rival gang, the Cash Flow Posse, and the possibility of a drive-by shooting with a group of his fellow gang members.  The members of the Insane Gangster Mafia then planned a drive-by shooting at the home of a suspected Cash Flow Posse member.  During the course of the drive-by shooting, where defendant was sitting in the car, a bystander was shot and killed.  The Puckett court affirmed the first-degree murder conviction, finding that defendant's intent to kill rival gang members was sufficient to conclude that at least one gang member in the car at the time possessed the requisite intent to kill.  The Puckett court reasoned that these actions were more in line with an intent to shoot at particular people as opposed to recklessly shooting at the apartment building.  Similarly, Jones and other members of the Cowboyz gang had the intent to shoot members of the rival gang, which is why they targeted the home at 62 Jared Road on May 30, 2013 and the vehicle of the rival member on May 12, 2011.  This was a shooting directed at one or more persons, as opposed to a shooting aimed at a building.

      For the foregoing reasons, the court finds that the cross-reference for first-degree murder is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the court applies the first-degree attempted murder cross-reference. The court imposes a sentence of 151 months.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**June 22, 2018
Charleston, South Carolina**